**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-23478-MOORE/Elfenbein

**STRIKE 3 HOLDINGS, LLC**,

     Plaintiff,

v.

**JOHN DOE**,

     Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE**
**TO SERVE A THIRD-PARTY SUBPOENA BEFORE RULE 26(f) CONFERENCE**

**THIS CAUSE** is before the Court on Plaintiff Strike 3 Holdings, LLC's Motion for Leave to Serve a Third-Party Subpoena Before Rule 26(f) Conference (the "Motion"). *See* ECF No. [8]. In the Motion, Plaintiff asks the Court to grant it "leave to serve a third-party subpoena on AT&T Internet" before the required Rule 26(f) conference so that it can "effectuate service on Defendant." *See* ECF No. [8] at 1. The Honorable K. Michael Moore referred this case to me "to take all necessary and proper action as required by law with respect to any and all pretrial discovery matters." *See* ECF No. [6]. For the reasons explained below, the Motion, **ECF No. [8]**, is **GRANTED**.

## I.    BACKGROUND

Plaintiff "is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites." ECF No. [8] at 2. According to Plaintiff, "users on the Internet . . . illegally infringe its works on a very large scale." ECF No. [8] at 2. Plaintiff alleges Defendant is one of those infringers. *See* ECF No. [1] at 1–2; ECF No. [8] at 2. Plaintiff also alleges that, although "Defendant attempted to hide this theft by infringing Plaintiff's content anonymously,

Defendant's Internet Service Provider ('ISP'), AT&T Internet, can identify Defendant through his or her IP address 69.231.228.82." *See* ECF No. [1] at 2.

Plaintiff filed this lawsuit alleging copyright infringement against Defendant on May 18, 2026. *See generally* ECF No. [1]. Specifically, Plaintiff alleges that Defendant has used "the BitTorrent protocol" to download and distribute 25 of its motion pictures. *See* ECF No. [1] at 2. Because Plaintiff can currently identify Defendant "only by an IP address," *see* ECF No. [1] at 1, Plaintiff filed the Motion asking the Court for "leave to serve limited, immediate discovery on Defendant's ISP, AT&T Inc. (AT&T Internet), in the form of a" Federal Rule of Civil Procedure 45 subpoena so that "Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service," *see* ECF No. [8] at 2 (footnote omitted).

Plaintiff argues that without information about Defendant's identity, it "cannot serve Defendant nor pursue this lawsuit and protect its copyrights." *See* ECF No. [8] at 2. Plaintiff asserts that it will use information about Defendant's identity only "to prosecute the claims made in its Complaint." *See* ECF No. [8] at 2.

## II.    LEGAL STANDARDS

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). But "[c]ontrol over the course of discovery and scheduling is committed to the 'broad discretion' of the court." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001)). And "[p]ursuant to Rule 26(d) and (f), federal courts in their discretion may allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where good cause for such discovery

is shown." *Id.* (quotation marks omitted).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (citation omitted). In cases where a plaintiff alleges copyright infringement though illegal downloads, some courts in this District have evaluated "five factors" they deemed "relevant to determining whether good cause exists for permission to serve" a Rule 45 subpoena on a third-party ISP to access the identity of an unknown defendant's IP address." *See Malibu Media, LLC v. Doe*, No. 14-61955-CIV, 2014 WL 12605556, at *1 (S.D. Fla. Nov. 17, 2014). Those factors are: (1) whether the plaintiff "has made out a prima facie claim of copyright infringement;" (2) "the specificity of the discovery requested;" (3) "the absence of alternative means to obtain subpoenaed information;" (4) the "necessity for the subpoenaed information;" and (5) the defendant's "expectation of privacy." *See id.*

Regardless of the evaluation method they use, courts in this District "routinely find good cause to serve a third-party subpoena on an ISP so that a plaintiff may discover the identity of a John Doe defendant that allegedly infringed on the plaintiff's copyright through activity on the Internet." *See, e.g.*, *Plastic Movie Ltd. v. Doe*, No. 15-CV-60692, 2015 WL 12843767, at *1 (S.D. Fla. Apr. 13, 2015). That is because a "case against a single defendant cannot proceed if that defendant is unidentified." *See id.*

Even so, courts have also found "good cause to institute procedural safeguards to protect the identity of the John Doe Defendant in the event that he or she is not the person who committed the infringing acts that are associated with the IP address," as there are "abuses often arising in this context." *See id.* Sometimes a plaintiff's "broad request does not sufficiently protect against the likelihood that an innocent defendant may be publicly identified by having his or her identity

associated with allegations of illegal downloading of films." *See Malibu Media, LLC v. Doe*, No. 8:13-CV-857-T-35TGW, 2013 WL 1620366, at \*1 (M.D. Fla. Apr. 15, 2013).  Courts have recognized that "there are concerns related to Defendant's privacy, given the nature of the copyrighted material at issue and the risk of a false identification by Defendant's ISP." *See Strike 3 Holdings, LLC v. Doe*, No. 23-CV-81583-RLR, 2024 WL 1299101, at \*1 (S.D. Fla. Jan. 18, 2024).

### III.    DISCUSSION

In the Motion, Plaintiff argues that good cause exists here because it has made a prima facie claim for copyright infringement, its subpoena is limited and seeks only concrete and narrow information (the name and address of the subscriber associated with Defendant's IP address), there is no alternative means by which Plaintiff can identify Defendant without the requested subpoena, the subpoenaed information is necessary to advance Plaintiff's infringement claim, Plaintiff cannot properly serve Defendant without first ascertaining the subscriber's identity from the ISP, and Defendant has no expectation of privacy in his or her IP address.  *See* ECF No. [8] at 5-9.  Plaintiff notes that it "respectfully encourages the Court to establish procedural protections," such as issuing "a protective order" allowing Defendant to proceed pseudonymously if the Court deems that appropriate.  *See* ECF No. [8] at 11.

The Court agrees with Plaintiff that there is good cause to allow the expedited Rule 45 subpoena to AT&T Internet.  *See Strike 3 Holdings, LLC v. Doe*, No. 22-CV-62152, 2022 WL 17741504, at \*1 (S.D. Fla. Dec. 9, 2022). As Plaintiff explained, it used "its proprietary forensic software" to record "Defendant's IP address illegally distributing" its copyrighted motion pictures. *See* ECF No. [8] at 2.  Because Defendant's ISP assigned this IP address to Defendant, AT&T Internet is "the only party with the information necessary to identify Defendant by correlating the

4

IP address with John Doe's identity." *See* ECF No. [8] at 2. Plaintiff seeks only the name and address of the subscriber associated with Defendant's IP address, so the information sought in the requested subpoena is limited, concrete, and narrow. *See* ECF No. [8] at 6-9. "Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights." *See* ECF No. [8] at 2. And Plaintiff asserts it will use the information it obtains only "to prosecute the claims made in its Complaint." *See* ECF No. [8] at 2. Because the Court finds good cause to issue a third-party subpoena before a Rule 26(f) conference, the Motion, **ECF No. [8]**, is **GRANTED**.

## IV.    CONCLUSION

For the reasons explained above, the Motion, **ECF No. [8]**, is **GRANTED**. Accordingly, it is **ORDERED and ADJUDGED**:

1.       Plaintiff may serve AT&T Internet (the "ISP") with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom it assigned an IP address, as set forth in Exhibit A to the Complaint. *See* ECF No. [1-2].

2.       Plaintiff must attach to any subpoena copies of:

   a.   the Complaint, ECF No. [1];

   b.   the Complaint's attachments, ECF No. [1-1]; ECF No. [1-2]; and

   c.   this Order.

3.       If the ISP qualifies as a "cable operator" under 47 U.S.C. § 522(5)[1], it must comply

---

[1] The "term 'cable operator' means any person or group of persons" who "provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system" or "otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." *See* 47 U.S.C. § 522(5)(A)–(B).

with 47 U.S.C. § 551(c)(2)(B)[2] by sending a copy of this Order to Defendant.

4.      Plaintiff may use any information disclosed in response to a Rule 45 subpoena served on the ISP only for the limited purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

5.      While the Court does not institute any procedural safeguards to protect the identity of Defendant at this stage, Defendant may move the Court for any such protections once Plaintiff serves him or her.

**DONE and ORDERED** in Chambers in Miami, Florida on June 12, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

---

[2] "A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."  *See* 47 U.S.C. § 551(c)(2)(B).